Reversed and Remanded and Opinion filed November 6, 2007








Reversed and Remanded and Opinion filed November 6, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00634-CR

_______________

 

WADE LUCAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Court at Law
No. 3

 Brazoria County, Texas

Trial Court Cause No. 147,325B

                                                                                                                                               


 

O P I N I O N

 

Wade Lucas appeals a conviction for
possession of marijuana of two ounces or less[1]
on the grounds that: (1) the trial court erred by proceeding to trial without
sufficiently admonishing him of the dangers and disadvantages of
self-representation; and (2) the evidence is legally insufficient to support
his conviction.  We reverse and remand.

                                                                              








Sufficiency of the Evidence

Appellant=s second issue contends that the
evidence was legally insufficient to prove that he exercised care, control, or
custody over the marijuana.  Because this issue seeks rendition of a judgment of
acquittal, rather than remand for a new trial, we address it first.

In a legal sufficiency review, we
view the evidence in the light most favorable to the prosecution to determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  See, e.g., Clayton v. State, __
S.W.3d __, __ (Tex. Crim. App. 2007).  A conviction for possession of a
controlled substance requires proof, among other things, that the accused
exercised control, management, or care over the substance.  See Evans v.
State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).  Therefore, a defendant=s mere presence at a location where
drugs are found is not sufficient to prove possession unless other evidence
establishes more than a fortuitous link to the drugs.  See id.

In this case, appellant was one of
four people found by police in a room of an apartment where marijuana was being
smoked.  He argues that the evidence failed to show that he had any connection
to the apartment other than his mere presence there or that he had smoked or
passed the marijuana cigar or otherwise exercised control over it.  However,
Officer Myers testified that he saw the four people in the room, which included
appellant, actively passing a burning marijuana cigar among themselves.[2] 
Because this evidence is legally sufficient to prove that appellant exercised
control over the marijuana, his second issue is overruled.

 

 

 








                                                            Self-Representation

Appellant=s first issue contends that the trial
court denied his constitutional right to counsel by proceeding with the trial
while appellant was not represented by counsel and the trial court having not
admonished appellant concerning the dangers and disadvantages of
self-representation.[3]  Although
there are conflicting indications in the record as to why appellant was
unrepresented by counsel at trial, the State acknowledges that the record fails
to reflect that appellant received the necessary admonishments.  However, the
State contends that this error is subject to constitutional harm analysis.  See
Tex. R. App. P. 44.2(a).








Violations of the right to counsel
that pervade the entire proceeding fall within the category of constitutional
violations that, by their very nature, cast so much doubt on the fairness of
the trial process that, as a matter of law, they can never be considered
harmless.  Satterwhite v. Texas, 486 U.S. 249, 256 (1988).[4] 
In this case, because appellant did not effectively waive his right to counsel,
conducting his trial while he was unrepresented by an attorney was a denial of
his constitutional right to counsel, which pervaded the entire proceeding, and
therefore cannot be considered harmless.  See Williams v. State, 194
S.W.3d 568, 579 (Tex. App.CHouston [14th Dist.] 2006, pet. granted).  Accordingly, we
sustain appellant=s first issue, reverse the judgment of the trial court, and
remand the case to the trial court for further proceedings.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Opinion filed
November 6, 2007.

Panel consists of Chief Justice Hedges
and Justices Fowler and Edelman.*

Publish C Tex.
R. App. P. 47.2(b).

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                                              









[1]           A jury found appellant guilty of the
offense, and the trial court assessed punishment at 180 days confinement,
probated for 18 months, and a $2,000.00 fine.





[2]           In addition, when appellant (representing
himself) asked Myers on cross-examination, ASo,
you can=t say you saw anyone holding it?,@ Myers replied, AY=all were passing it around.  I mean, four people
passing a cigar back and forth.  Who=s
holding it? Everybody is.@





[3]           In order to forego his constitutional right
to the assistance of counsel and thereby invoke his right to
self-representation, a defendant in a criminal trial must competently,
intelligently, knowingly, and voluntarily waive his right to counsel.  Tex.
Code Crim. Proc. Ann. art. 1.051(g) (Vernon 2005); Godinez v. Moran, 509
U.S. 389, 396 (1993); Faretta v. California, 422 U.S. 806, 807 (1975). 
Although a defendant need not himself have the skill and experience of a lawyer
in order to competently and intelligently choose self‑representation, he
should be made aware of the dangers and disadvantages of self-representation,
so the record will establish that he knows what he is doing and that his choice
is made with eyes wide open.  Faretta, 422 U.S. at 835.  There is no
prescribed script for conveying the information necessary in this regard
because that which a particular defendant must possess to make an intelligent
election depends on such case-specific factors as the defendant=s education and sophistication, the complexity of the
charge, and the stage of the proceeding.  Iowa v. Tovar, 541 U.S. 77, 88B89 (2004).





[4]           Conversely, where a denial of the right to
counsel affects only a limited portion of the proceeding, such as the admission
of particular evidence at trial, a harmless error analysis is required.  Satterwhite,
486 U.S. at 257.





*           Senior
Justice Richard H. Edelman sitting by assignment.